No. 106
LEMON v. WILTBERGER
Ohio Appeals, 4th Dist., Franklin County
No. 1143. Decided Dec. 1, 1923

829. NEGLIGENCE—Admission of negligence held not necessary to plead contributory negligence—Inference of plaintiff's negligence from his testimony justifies instruction as to contributory negligence.

225. CHARGE TO JURY—Charge correct as entirety will not be reversed for error in part.

BY THE COURT:

Epitomized Opinion
First Publication of this Opinion

This case arises from an application for rehearing. The opinion in the case at the former hearing will be found in 1 Abs. 846. The Court of Appeals say the matter of pleading contributory negligence has been made somewhat difficult by recent decisions of the Su-

preme Court, but they have, however, adhered to the view the defendant is not compelled to admit negligence in order to plead contributory negligence. They think such a rule would be unjust to the defendant and inconsistent with the general rule that a defendant may plead as many defenses as he may have, providing they are not repugnant to each other. If the defendant cannot plead contributory negligence in the form presented in this case, he cannot plead it in any case without first admitting negligence. They do not find any decision of the Supreme Court that a plea of contributory negligence in this form may not be made.

Counsel relies upon Glass v. Hefron Co., 86 OS. 70. There the plaintiff denied negligence by general denial and alleged the plaintiff's negligence was the sole cause of the injury. The plea here goes further because it states that if the defendant was negligent, then the plaintiff was also negligent in causing the injury. The charge of contributory negligence in the present case was also proper under the second paragraph of syllabus of the Glass case. From plaintiff's own testimony in the case at bar, the jury might have inferred that Lemon was negligent, consequently, the trial court was justified in charging upon the subject of contributory negligence. The recent cases sustain the proposition that an error is one part of a charge does not require a reversal if the charge, taken as a whole, is not misleading or incorrect.

107 OS. 33; 98 OS. 42; 90 OS. 141. The former decision of this court is therefore adhered to.

Attorneys—Matthew L. Bigger, Columbus, for Lemon; Bradford & Jones, Columbus, for Wiltberger.